5 F.3d 1506
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 HOTELECOPY, INC., Plaintiff-Appellant,
v.
THE UNITED STATES, Defendant-Appellee.
 No. 93-5056.
 United States Court of Appeals, Federal Circuit.
 Aug. 17, 1993.
 
 Before MAYER, RADER, and SCHALL, Circuit Judges.
 RADER, Circuit Judge.
 
 DECISION
 
 1
 The United States Court of Federal Claims determined that the United States Postal Service (USPS) did not materially breach its contract with Hotelecopy and that Hotelecopy did not prove damages resulting from USPS's breach. Because Hotelecopy did not show a causal connection between USPS's breach and its losses, this court affirms.
 
 DISCUSSION
 
 2
 Under the contracts in these cases, Hotelecopy received the right to place fax machines in post office lobbies. USPS promised to perform certain marketing functions which were intended to help raise awareness of the fax services. Hotelecopy agreed to pay USPS fees covering the operating expenses on each machine plus a 36% share of the revenues the machines generated.
 
 
 3
 In an exhaustive (and exhausting) 75-page opinion, the Court of Federal Claims found that USPS's marketing efforts did not satisfy some of its contractual obligations. Hotelcopy, Inc. v. United States, Nos. 91-963C and 91-964C, slip op. at 41 (Cl.Ct. Nov. 2, 1992). Thus, according to the trial court, USPS breached the contract. The trial court recognized, however, that the materiality of USPS's breach "depends on the nature and effect of the violation in light of how the particular contract was viewed, bargained for, entered into, and performed by the parties." Stone Forest Indus. v. United States, 973 F.2d 1548, 1551 (Fed.Cir.1992) (emphasis added). Thus the breach was material only if Hotelecopy established a causal connection between the breach and its injury. See Restatement (Second) of Contracts, Sec. 241(a) (1981) (stating that a significant circumstance in determining whether a failure to perform is material is "the extent to which the injured party will be deprived of the benefit which [it] reasonably expected").
 
 
 4
 The trial court found "absolutely no evidence in the record showing a causal relationship between [USPS's] failure to perform its ... obligations and the lack of consumer usage of the machines." Hotelecopy, Nos. 91-963C and 91-964C, slip op. at 46. Hotelecopy's own compilation of the responses to its radio and newspaper advertisements showed that raising community awareness did not appreciably improve customer usage. Based on the record evidence, the trial court properly concluded that USPS's breach was not material and that Hotelecopy was not justified in refusing to make the fee payments required under the contracts.
 
 
 5
 Furthermore, without proving the causal connection between USPS's breach and its losses, Hotelecopy cannot recover damages. Boyajian v. United States, 423 F.2d 1231, 1235 (Ct.Cl.1970) ("Recovery of damages for a breach of contract is not allowed unless acceptable evidence demonstrates that the damages claimed resulted from and were caused by the breach."). Accordingly, the trial court properly found that Hotelecopy was not entitled to recover damages.
 
 
 6
 Having found no reversible error in the decision of the Court of Federal Claims, this court affirms.
 
 
 7
 MAYER, Circuit Judge, dissents.